UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANK S. SALAS, JR., | Case No. CV 10-08704 JST (AN) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| T. L. GONZALEZ, Acting Warden, | |
| Respondent. | |

In light of the Supreme Court's just-issued decision in *Swarthout v. Cooke*, 562 U.S. ---, --- S. Ct. ----, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), Petitioner is ordered to show cause in writing, **on or before February 9, 2011**, why his Petition should not be dismissed with prejudice.

In *Cooke*, the Supreme Court reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), and rejected the Ninth Circuit's erroneous interpretation of clearly established law on the standard of review applicable to California parole denials. *Cooke*, 2011 WL 197627 at *2-3. Further, *Cooke* holds that, even if a California prisoner has a state-created liberty interest in parole, a prisoner challenging the denial of parole is only entitled to the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979), that is, an opportunity to be heard and a statement of reasons for the denial. The Supreme Court observed that where the record reflected the prisoner was allowed to speak at the hearing and contest the evidence, was afforded access to his records in

advance, and was notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." *Id.* The *Cooke* opinion expressly emphasizes that "it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at *3.

Here, Petitioner's federal due process parole claims focus exclusively on the *reasons* for the Board of Parole Hearing's June 8, 2009 denial of parole. (Pet. (dkt. 1) at 6, 10-50, 54-55.[1]) Petitioner is not claiming he was denied the minimal procedural due process protections set forth in *Greenholtz*. Moreover, here as in *Cooke*, the transcript of Petitioner's June 8, 2009 parole consideration hearing reflects Petitioner, who was represented by counsel, was given an opportunity to speak and contest the evidence against him, was afforded access to his records in advance, and was notified of the reasons why parole was denied. (*See* Pet. at 65, 68, 70-71, 73; attachments to Petition, dkt. 1-1 at 3-4, 66-85.) To the extent Petitioner contends the California courts incorrectly applied California's "some evidence" rule, that is not a federal concern under the Supreme Court's decision in *Cooke*.

In light of *Cooke*, it simply does not appear this court would have any basis for concluding the California courts' rejection of Petitioner's substantive due process parole claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that it was based upon an unreasonable determination of the facts.

Additionally, Petitioner raises an ex post facto challenge to the Board's three-year denial, as well as the state law authorizing it. (Pet. at 51-54.) He argues that the recent amendment by Proposition 9, California's Victims' Bill of Rights Act of 2008, under which he was denied a new parole hearing for three years, violates ex post facto laws because it was not in effect at the time he committed his offense. *See* CAL. PENAL CODE § 3041.5(b)(3); Prop. 9, § 5.1,

---

[1] For convenience and clarity, the court cites to the pages of the Petition and attachments by referring to the pagination furnished by the court's official CM-ECF electronic document filing system.

approved Nov. 4, 2008, eff. Nov. 5, 2008 (Proposition 9 changed the frequency and availability of parole hearings for petitioners found unsuitable for parole). However, Petitioner has failed to establish that such a change in California's parole procedures violates any provision of the United States Constitution. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 501-14, 115 S. Ct. 1597 (1995) (upholding a 1981 amendment to California's parole procedures that allowed the Board to decrease the frequency of parole suitability hearings under certain circumstances). Moreover, the United States Supreme Court has "not squarely addressed" the constitutionality of Proposition 9. *See Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009). As a result, there is not a clearly established "controlling legal standard," and the state courts' decisions denying habeas relief cannot be contrary to or unreasonable applications of clearly established Supreme Court precedent. *Id.* at 758-59; *see also* § 2254(d)(1) (habeas relief may only be granted if the last reasoned decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established federal law *as determined by the Supreme Court . . . .*") (emphasis added).

As with his substantive due process parole claims, it does not appear this court would have any basis for concluding the California courts' rejection of Petitioner's ex post facto claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that it was based upon an unreasonable determination of the facts.

Petitioner is notified that he will be deemed to have waived his opportunity to respond to this order to show cause, and he will be deemed to have consented to the dismissal of his Petition for the foregoing reasons, if he fails to file his written response in the required time, and that no consideration will be given to any untimely response.

DATED: January 26, 2011

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE